but is bad in law, because there is nothing in the specification, drawings or models, which indicates any method of manufacturing a box from a single piece of wood. These, and a number of other questions, were ably discussed on the argument; but one fact appeared, which seems to the court so decisive of the pending motions, that it is unnecessary, at the present stage of the case, to enter into an examination of the validity of the patent—an inquiry always to be avoided, if practicable, until the final hearing.

That fact was this: the complainant, who is also the patentee, learned, as early as the spring of 1876, that the defendants, George A. Mannie & Co.. were manufacturing, and claimed the right to manufacture, the boxes now complained of as an infringement of the second claim of his patent. He states that he saw them and warned them that they were infringers. They would not desist, but insisted upon their right to continue the manufacture and sale. They did continue, and became, with the knowledge of the complainant, the largest producers of wooden boxes of any manufacturers in the market. The complainant quietly acquiesced for nearly two years, and did not serve the defendants with notice of their motions, until about three weeks ago, to wit: on the 6th and 7th of March, 1878.

Patentees must not expect from the court a greater degree of diligence than they themselves exhibit. Under the rules, these cases will be ready for final hearing at the next term of the court. Since the complainant has voluntarily acquiesced in the alleged infringement for twenty-two months, it is not unreasonable that the court, by refusing to interfere, should compel an involuntary acquiescence for six months longer; and especially so, as there has been no suggestion that the defendants are unable to respond in damages for the legal consequences of their acts.

The motion, in each case, is denied.

---

SPERRY (UNITED STATES v.). See Case No. 16,369.

---

## Case No. 13,238a.
### The SPES.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 13,239.
### In re SPEYER et al.

[6 N. B. R. (1873) 255;[1] 42 How. Pr. 397.]

District Court, S. D. New York.

BANKRUPTCY — POWER OF REGISTER OVER FUNDS OF BANKRUPT—CONTEMPT.

A register may order bankrupts to hand over to his custodian funds in their hands. Disobe-

---

[1] [Reprinted from 6 N. B. R. 255, by permission.]

dience to such an order adjudged a contempt. for which an attachment was issued from the court.

[Cited in Re Allen. Case No. 208; Re McKenna, 9 Fed. 29; U. S. v. Anonymous, 21 Fed. 770.]

The above named bankrupts [F. & A. Speyer] filed their petition to be declared bankrupts on the fourth day of January, eighteen hundred and seventy-one. In their schedules. they set forth that the sum of one thousand three hundred and ten dollars and five cents in money was in their hands. The register in charge appointed Mr. LeRoy T. Gove custodian of the estate during the interim and until the assignee should be elected. The custodian thereupon demanded the said money of the bankrupts, and was informed by them that one of the bankrupts—having the money in his pocket—had been robbed of the same on the morning after filing the said petition. Whereupon the said custodian summoned the bankrupts before the register, and proceeded to examine them concerning the same. Upon this testimony so taken, the register made an order that said bankrupts hand over to the said custodian the said sum of one thousand three hundred and ten dollars and five cents within twenty-four hours after the service of said order on them. This order was duly served on the bankrupts; they failing to comply therewith, the said custodian moved the court before the district judge on notice to the bankrupts for an order that an attachment issue against them as for a contempt, for a disobedience to the order of the register. Whereupon the court referred the matter back to the register to take such testimony as the said bankrupts might offer by way of purging the alleging contempt. Testimony was then taken on the part of the plaintiffs, whereupon the register certified the case.

By ISAIAH T. WILLIAMS, Register:

I, the undersigned register in bankruptcy, to whom the matter of the alleged contempt in this case was referred by the order of this honorable court, bearing date the fourth day of February, eighteen hundred and seventy-one, and hereto annexed, do hereby certify and report to this honorable court, that I have been attended by the said bankrupt, Abraham Speyer, and his counsel, Dubois Smith, Esq., and that I have taken all the testimony offered by him under said order, to wit: The testimony of the said Abraham Speyer, and Frederick Speyer, together with further testimony, of the said LeRoy T. Gove, Esq., all of which is hereto annexed, and herewith returned to this honorable court. And I further certify that upon a careful examination of said testimony, I am unable to accept the statements of the said bankrupts, as affording the true reason why the said sum of one thousand three hundred and ten dollars and five cents was not paid over to the said custodian on his demand. nor was there anything in the manner of either of the said bankrupts,